IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| PATRICIA CRAIG, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 09 C 7099 |
| | ) | |
| v. | ) | Judge Joan B. Gottschall |
| | ) | |
| SGT. HAWKINS, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION & ORDER

Plaintiff Patricia Craig filed a complaint seeking to hold Defendant Sgt. Hawkins liable for a violation of her constitutional rights pursuant to 42 U.S.C. § 1983 in relation to an alleged illegal search and seizure. The parties are presently before the Court on the matter of Hawkins' motion to dismiss Craig's complaint. Hawkins contends that the complaint should be dismissed because it fails to provide him with proper notice of Craig's claim.

### I. ALLEGATIONS

Craig filed a one-page, handwritten complaint on November 12, 2009 alleging that Hawkins, along with several other individuals, came to her home in Chicago on the morning of December 6, 2007 and performed an illegal search. (Doc. 1.) Craig alleges that Hawkins and the other individuals represented themselves as telephone workers and requested that she go to the back of her home to move her vehicle so they could complete their work. (*Id.*) Craig further alleges that she followed their instructions and exited her home, at which point Hawkins and the other individuals forced into her home without

identifying themselves or presenting an arrest warrant. (*Id.*) The individuals proceeded to arrest Craig's husband, allegedly damaging her home in the process. (*Id.*)

## II. LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain a "short and plain statement of the claim." Fed. R. Civ. P. 8(a)(2). The claim must be comprised of enough factual information to suggest a plausible entitlement to relief. *Ashcroft v. Iqbal*, 556 U.S. \_\_\_, 129 S. Ct. 1937, 1949 (2009). In the complaint, a plaintiff must include allegations about each of the necessary material elements. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 562, 127 S. Ct. 1955 (2007). While Rule 8 does not require "detailed factual allegations," *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555), a court will not accept legal conclusions as true when determining the claim's plausibility. *Id.* at 1951. In *Iqbal*, instead of providing a factual basis for the claim, the Court stated, the plaintiff's allegations "amount[ed] to nothing more than a 'formulaic recitation of the elements' of a constitutional discrimination claim." *Id.* (quoting *Twombly*, 550 U.S. at 555). Beyond this determination, the Court did not provide further guidance as to the difference between a conclusion and a "detailed fact." *See Riley v. Vilsack*, 665 F. Supp. 2d 994, 1003 (W.D. Wis. 2009).

Plausibility is not a question of whether the plaintiff will be able to prove the allegations put forth in the complaint, but instead whether there is enough factual matter, taken as true, to support a claim for relief. *See Iqbal*, 129 S. Ct. at 1951. In *Iqbal*, the court rejected the plaintiff's allegations because of their conclusory nature and not because they were "unrealistic or nonsensical." *Id.* The plausibility standard requires a determination based on context and common sense, *id.* at 1950, and the "standard has its

most force when special concerns exist about the burden of litigation . . . or when the theory of the plaintiff seems particularly unlikely." *Riley*, 665 F. Supp. 2d at 1003.

### III. ANALYSIS

Hawkins challenges the sufficiency of Craig's complaint, arguing that it fails to satisfy the requirements of Rule 8(a)(2) as reflected in *Iqbal*. (Doc. 13 at 2.) To assert a claim under 42 U.S.C. § 1983, "a plaintiff must sufficiently allege that (1) a person acting under the color of state law (2) deprived him of a right, privilege, or immunity secured by the Constitution or laws of the United States." *London v. RBS Citizens, N.A.*, 600 F.3d 742, 745-46 (7th Cir. 2010) (citing *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)).

Instead of reciting the elements of a § 1983 claim in her complaint, Craig provides a factual account of the events that led to the alleged deprivation of her Fourth Amendment protection against "unreasonable searches and seizures." (Doc. 1.); *see also Iqbal*, 129 S. Ct. at 1951; U.S. Const. amend. IV. Craig alleges in the complaint that Hawkins was one of a group of individuals that "forced their way into [her] home without identifying themselves as police officers." (Doc. 1.) While Craig mentions the arrest of her husband in the complaint,[1] she also alleges that the individuals, including Hawkins, damaged her home during the search. (*Id.*) The difference between a conclusory statement and a pure factual allegation is not entirely clear, but Craig's narrative of the alleged incident at her home does not in any way resemble a legal conclusion undeserving of an assumption of truth. *See Riley*, 665 F. Supp. 2d at 1003. None of Craig's allegations amount to a "formulaic recitation of the elements" of a § 1983 claim.

---

[1] Hawkins argues that Craig lacks standing to bring a claim on behalf of her husband. (Doc. 13 at 4.) This is true, but is irrelevant to the issue before the court, because, in her complaint, Hawkins does not seek redress for any constitutional tort on her husband's behalf.

3

*See Twombly*, 550 U.S. at 555. Additionally, Hawkins did not identify any special circumstances with regard to this particular case that would require Craig to include more than a short statement of the facts that give rise to her claim. *See Cooney v. Rossiter*, 583 F.3d 967, 971 (7th Cir. 2009).

Hawkins argues that Craig did not sufficiently identify his personal liability for the alleged constitutional deprivations as *Iqbal* requires. (Doc. 13 at 3.) The plaintiff in *Iqbal* named the former Attorney General and the current Director of the FBI as defendants in his complaint, along with numerous other federal officials, for allegedly adopting a policy that the plaintiff claimed led to the violation of his constitutional rights while he was in federal custody. The Court stated that because vicarious liability is inapplicable to § 1983 suits, "a plaintiff must plead that each Government-official defendant, through the official's own actions, had violated the Constitution." *Iqbal*, 129 S. Ct. at 1948. The Court determined that the plaintiff had not provided sufficient allegations to connect the actions of the Attorney General and the Director of the FBI to his claim because the plaintiff alleged only that the defendants, acting as supervisors, knew of their subordinates' purposeful discrimination. *Id.* at 1949, 1952. Here, the alleged facts differ from those in *Iqbal* because Craig alleges that Hawkins himself was at Craig's house and personally participated in the illegal search and seizure. (Doc. 1.) These statements provide Hawkins with sufficient notice of his alleged direct participation in the incident.

Hawkins further argues that Craig's claim is insufficient because the search of Craig's home was conducted pursuant to an arrest with probable cause. (Doc. 13 at 4. (citing *United States v. Robinson*, 414 U.S. 218, 234, 94 S. Ct. 467 (1973); *Knowles v.*

*Iowa*, 525 U.S. 113, 116, 119 S. Ct. 484 (1998)).) For this argument, Hawkins relies on an arrest report regarding Craig's husband. (Doc. 13 at 4.) However, in ruling on a Rule 12(b)(6) motion to dismiss, the court should look only to the factual allegations included in the plaintiff's complaint to determine the plausibility of the claim, and not to any additional documentation provided by the defendant. *See Jacobs v. City of Chicago*, 215 F.3d 758, 766 (7th Cir. 2000) (finding error in the district court's reliance on a police report in granting the defendant's motion to dismiss the plaintiff's § 1983 claim). Therefore, even if Craig's husband's arrest establishes the propriety of the search, this argument is based on a factual issue outside Craig's complaint, and consequently is improper for consideration at this early stage.

In sum, the court finds that Craig's complaint contained sufficient factual allegations regarding the material elements of her § 1983 claim to show a plausible entitlement to relief. Therefore, Craig's complaint complies with Rule 8(a)(2).

## IV. CONCLUSION

For the reasons stated above, Hawkins' motion to dismiss is denied. In her response to Hawkins' motion to dismiss, Craig requested leave to file an amended complaint. She is granted twenty-one days to file an amended complaint if she so chooses. Defendant is given thirty days to answer the pending complaint or, if an amended complaint is filed, twenty-one days from the date of any amendment to answer or otherwise plead.

ENTER:

_____/s/_____
JOAN B. GOTTSCHALL
United States District Judge

DATED: June 9, 2010